

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2006

# Fleming v. Giant Foods

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4614

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Fleming v. Giant Foods" (2006). *2006 Decisions.* Paper 1103.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1103

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Case Nos: 04-4614 and 05-2372

TALITHA FLEMING,

Appellant

v.


GIANT FOODS; PAM GOBEIL;
DAN GANNA; RAY GONZALES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 04-cv-01284
District Judge:  The Honorable Anita B. Brody

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
Submitted May 12, 2006

Before: BARRY, SMITH, and TASHIMA, *Circuit Judges*[*]

(Filed: May 16, 2006)

_____

OPINION

_____


SMITH, *Circuit Judge*.

_____

[*]The Honorable A. Wallace Tashima, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Talitha Fleming entered a Settlement Agreement with the defendants, and now appeals the District Court's Order dismissing her action with prejudice and subsequent Order denying her Petition to Show Cause for Vacating and Striking the Dismissal Order. Because we find that Fleming has not shown cause to vacate the Dismissal Order, we will affirm the judgment of the District Court.

I.

On March 25, 2004, Fleming filed a Civil Complaint in the District Court, alleging that she was an employee of Giant Foods and that she sustained a work-related knee injury on September 9, 2002. Fleming sought damages for alleged violations of the Americans with Disabilities Act, Family and Medical Leave Act, and Pennsylvania Human Relations Act. In separate proceedings, Fleming also sought Workers' Compensation under the Pennsylvania Workers' Compensation Act.

The District Court ordered the parties to attend a settlement conference before a United States Magistrate Judge, which was held on September 14, 2004. The parties settled the case for a specified sum of money, which was provided "in full and final settlement of all claims . . . including any claims under the Workers' Compensation case, including all past and future medical expenses." At the settlement conference, the Magistrate Judge also stated:

> The agreement insofar as it involves the Workers Comp. case is contingent on the approval of the Workers Comp. referee but both parties hereby agree that they will support in all respects that approval and in no way will take any action that should cause the agreement not to receive that approval as anticipated.

2

On September 16, 2004, the District Court entered an order dismissing Fleming's civil action with prejudice pursuant to the Settlement Agreement ("Dismissal Order").

On September 30, 2004, Fleming filed a Petition to Show Cause for Vacating and Striking the Dismissal Order. She also filed a Notice of Appeal from the District Court's Dismissal Order, which was docketed as Number 04-4614. We stayed this appeal pending disposition of Fleming's Petition in the District Court.

On November 24, 2004, Fleming filed a Motion to Unseal the Record. On March 31, 2005, the District Court entered an order denying this motion, but also ordered that transcripts of the settlement conference be made available to the counsel of record.

On April 11, 2005, the District Court entered an order denying Fleming's Petition to Show Cause for Vacating and Striking the Dismissal Order, and an accompanying order placed this order under seal. On August 4, 2005, the District Court entered an order denying Fleming's subsequent Petition for Reconsideration. In the interim, Fleming filed a second Notice of Appeal with respect to the District Court's order entered on March 31, 2005, and two orders entered on April 11, 2005, which was docketed as Number 05-2372. We have since consolidated Numbers 04-4614 and 05-2372 into a single appeal.[1]

II.

---

[1]The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1343(4), and 1367(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Fleming raises a single issue:[2] whether the District Court had jurisdiction to bind her to a Settlement Agreement that included her Workers' Compensation claim.[3] Fleming argues that the District Court did not have jurisdiction to approve the Settlement Agreement because the Pennsylvania Workers' Compensation Act provides that any proposed compromise and release of a Workers' Compensation claim must be submitted to a special Workers' Compensation judge for consideration and approval. *See* 77 P.S. § 1000.5(b).

We find, however, that the Magistrate Judge was fully aware of this requirement of Pennsylvania law, and the parties' settlement of Fleming's Workers' Compensation claim was explicitly contingent on approval from a Workers' Compensation judge. We also find that Fleming's agreement to support approval of the parties' settlement of the Workers' Compensation claim simply bound Fleming to seek such approval in good faith, and did not preclude a Workers' Compensation judge from considering and deciding on the proposed release of the Workers' Compensation claim in accordance with the procedures contained in § 1000.5.

Accordingly, the Magistrate Judge did not in fact usurp the jurisdiction delegated

---

[2]Fleming initially raised several other issues in a Civil Information Sheet filed on June 6, 2005, but because she did not raise these other issues in her opening brief, they have been waived. *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994).

[3]We exercise plenary review over issues of subject matter jurisdiction. *See Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280 (3d Cir. 1993).

by § 1000.5(b) to the Workers' Compensation judge, and similarly the District Court did not usurp such jurisdiction by approving the Settlement Agreement. Consequently, Fleming has not shown cause to vacate the District Court's Dismissal Order.

We will affirm the judgment of the District Court.